IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMIKO DELFORD BUFORD, | ) | No. C 05-2532 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER OF DISMISSAL** |
| SAN QUENTIN STATE PRISON, | ) | |
| Respondent. | ) | (Docket No. 3) |

Petitioner, a prisoner of the state of California, currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner contends that the California Supreme Court has violated his rights by failing to promptly address his pending state habeas petition. Plaintiff has also filed an application to proceed *in forma pauperis* which is now GRANTED (docket no. 3).

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

B.    Petitioner's Claims

In this case, Petitioner challenges the California Supreme Court's failure to timely resolve his pending state habeas petition. However, errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989). Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. *See id.* They instead generally pertain to the review process itself and not to the constitutionality of a state conviction. *See, e.g.*, 28 U.S.C. § 2254(I) (claims of ineffective assistance of state or federal post-conviction counsel not cognizable on federal habeas review); *Franzen*, 877 F.2d at 26 (delay in state habeas proceeding not addressable in federal habeas); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (state court's summary denial of petition for post-conviction relief is procedural deficiency in review process that does no violence to federal constitutional rights); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state collateral proceedings not addressable in federal habeas), *cert. denied*, 484 U.S. 838 (1987); *see also Application of Gordon*, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state claim in federal habeas).

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: December 1, 2005

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge